**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DANA HAWKINS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1665** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | **SECTION: "G"(5)** |

## <u>ORDER AND REASONS</u>

Before the Court is Defendant the United States Citizenship and Immigration Services' (the "USCIS") Motion to Dismiss.[1] In this litigation, Plaintiffs Dana Hawkins ("Hawkins") and Diab Diab ("Diab") (collectively, "Plaintiffs") bring claims against the USCIS seeking injunctive relief related to the USCIS's "unlawful and unreasonably long delay in the adjudication" of Plaintiffs' pending Petition of Alien Relative ("Form I-130")[2] and Application to Register Permanent Residence or Adjust Status ("Form I-485").[3] In the instant motion, the USCIS moves the Court to dismiss Plaintiffs' claims because it alleges that this Court lacks subject matter jurisdiction over this case and Plaintiffs fail to state a claim for which relief can be granted.[4] Plaintiffs oppose the motion.[5] Considering the motion, the memoranda in support and in opposition, the record, and applicable law, the Court grants the motion and dismisses Plaintiffs' claims without prejudice for lack of jurisdiction.

---

[1] Rec. Doc. 9.

[2] In conjunction with an adjustment of status requested through a Form I-485, an alien seeking a family-based visa must have their qualifying relative, who is a U.S. citizen or lawful permanent resident, file a Form I-130 petitioning for the alien's visa. *See Kerry v. Din*, 576 U.S. 86, 89 (2015) (citing 8 .U.S.C. §§ 1153(f), 1154(a)(1)).

[3] Rec. Doc. 1 at 1. Adjustment of status is a mechanism by which an alien's status may be changed to that of lawful permanent resident without requiring the alien to leave the United States. *See Marques v. Lynch*, 834 F.3d 549, 554 (5th Cir. 2016).

[4] Rec. Doc. 9.

[5] Rec. Doc. 10.

1

### I. Background

Plaintiffs filed the Complaint against the USCIS in this Court on August 13, 2025.[6] According to the Complaint, on March 24, 2017, Hawkins, who is a United States citizen, married "her immigrant spouse," Diab.[7] On June 10, 2024, Hawkins filed a Form I-130 with the USCIS.[8] On that same day, Diab filed a Form I-485 with the USCIS.[9] The Complaint alleges that to date, the USCIS has refused to adjudicate the Form I-130 or Form I-485 (collectively, the "Petitions").[10]

The Complaint further alleges that Plaintiffs have made multiple requests for updates to the USCIS regarding the status of the Petitions, "but USCIS has continued to refuse to adjudicate" the Petitions.[11] Plaintiffs assert that they have provided all of the required evidence necessary to adjudicate the Petitions to the USCIS, and that they are prejudiced by the USCIS's "unreasonable and unlawful delay" in the adjudication of the Petitions.[12] Moreover, the Complaint asserts that the USCIS has acted in bad faith by refusing to adjudicate the Petitions.[13] Therefore, Plaintiffs bring claims against the USCIS for alleged violations of the Administrative Procedures Act (the

---

[6] Rec. Doc. 1.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3–4.

[11] *Id.*

[12] *Id.*

[13] *Id.*

"APA"),[14] the Immigration and Nationality Act (the "INA"),[15] and the Fifth Amendment.[16] Plaintiffs request that the Court order the USCIS to adjudicate the Petitions within a reasonable amount of time, and grant attorney's fees, court costs, and expenses to Plaintiffs.[17]

The USCIS filed the instant Motion to Dismiss on December 9, 2025.[18] Plaintiffs filed an opposition to the motion on December 28, 2025.[19] The USCIS filed a reply in further support of the motion on January 12, 2026.[20]

## II. Parties' Arguments

### A.    The USCIS's Arguments in Support of the Motion to Dismiss

The USCIS focuses its argument on the Form I-130, as it is a pre-requisite to adjudicating the Form I-485.[21] The USCIS asserts that Plaintiffs' claim of unreasonable delay in the adjudication of Hawkins's Form I-130 is inappropriate for judicial review, because adjustments of status decisions are expressly removed from "the orbit of judicial review" by statute.[22] Further, the USCIS avers that there are multiple court opinions dismissing similar claims for lack of

---

[14] 5 U.S.C. §§ 706(1) and 555(b). Plaintiffs also allege that the Mandamus Act, "authorizes this Honorable Court to order a remedy when the Plaintiff demonstrates that (1) Plaintiff has a clear right to the relief requested; (2) Defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available." Rec. Doc. 1 at 5 (citing 28 U.S.C. § 1361). Further, Plaintiffs claim that this Court has jurisdiction under the Declaratory Judgment Act. *Id.* at 3 (citing 28 U.S.C. § 2201, *et seq.*).

[15] 8 U.S.C. §§ 1101–1537.

[16] *Id.* at 7.

[17] *Id.* at 8.

[18] Rec. Doc. 9.

[19] Rec. Doc. 10.

[20] Rec. Doc. 13.

[21] Rec. Doc. 9-1 at 1, n.1.

[22] *Id.* at 2.

jurisdiction including the recent Fifth Circuit decision in *Cheejati v. Blinken*.[23] Moreover, the USCIS contends that it posts the median processing time for a Form I-130 by particular field offices.[24] The USCIS asserts that the median processing time for a Form I-130 on behalf of immediate relatives was 65 months for the New Orleans Field Office at the time the instant motion was filed.[25] Additionally, the USCIS acknowledges that while it has a duty to adjudicate a Form I-130 at some point, it is not required to make its determination within an established timeframe.[26]

Focusing on its argument that this Court lacks subject matter jurisdiction, the USCIS contends that it is "well established that neither the APA nor the Mandamus Act independently confer subject matter jurisdiction on an Article III court."[27] The USCIS asserts that the APA does not create a cause of action in this case where the agency action is committed to agency discretion by law.[28] Hence, the USCIS argues that the Court lacks jurisdiction under the APA where, as here, "(1) a statute precludes judicial review and (2) the agency action at issue is committed to agency discretion by law."[29] Similarly, the USCIS contends that this Court does not have jurisdiction under the Mandamus Act because Plaintiffs have not established that the USCIS owes them a duty to adjudicate the Petitions on a specific timeline.[30] The USCIS avers that "[t]his makes little

---

[23] *Id.* (citing *Cheejati v. Blinken*, 97 F.4th 988 (5th Cir. 2024)).

[24] *Id.* (citing "Check Case Processing Times," USCIS, at https://egov.uscis.gov/processing-times/home (last visited December 2, 2025)).

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.* at 6 (citing *Califano v. Sanders*, 430 U.S. 99, 104–07 (1977); *Stern v. S. Chester Tube Co.*, 390 U.S. 606, 608 (1968); *Cambranis v. Blinken*, 994 F.3d 457, 466 (5th Cir. 2021); *Hinojosa v. Horn*, 896 F.3d 305, 313 (5th Cir. 2018)).

[28] *Id.* at 7 (citing 5 U.S.C. § 701(a)(2)).

[29] *Id.*

[30] *Id.* at 8.

4

practical difference—Plaintiff[s'] APA claim is essentially in the nature of mandamus relief—but as a formal matter, the Court is barred from exercising jurisdiction under the Mandamus Act."[31]

The USCIS also argues that Plaintiffs have failed to state "an APA Claim of Unreasonable Delay or of Unlawful Withholding of Agency Action."[32] The USCIS contends that Hawkins's Form I-130 "is within normal processing times and is slated for normal processing according to factors affecting filings in the same category and processing center[.]"[33] Further, the USCIS asserts that Plaintiffs have failed to identify a "discrete agency action" that the USCIS is "legally required to take," which is a requirement for an APA claim.[34]

Regarding Plaintiffs Fifth Amendment violation of due process claim, the USCIS contends that Plaintiffs have failed to state a claim for which relief can be granted.[35] Specifically, the USCIS asserts that "courts have long held that there is no constitutional right to receive a visa for a spouse to remain in the United States."[36] Accordingly, the USCIS moves the Court to dismiss the Complaint.[37]

### B.    *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiffs contend that the USCIS is unlawfully withholding agency action, in violation of the APA, by refusing to issue an order on the Petitions.[38] Plaintiffs also assert that

---

[31] *Id.* at 10 (citing *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D. Tex. 2007) (internal quotations omitted)).

[32] *Id.* at 11.

[33] *Id.*

[34] *Id.* (citing *Fort Bend Cnty. v. U.S. Army Corps of Engineers*, 59 F.4th 180, 197 (5th Cir. 2023)).

[35] *Id.* at 13.

[36] *Id.* (citing *Bright v. Parra*, 919 F.2d 31, 33 (5th Cir. 1990)).

[37] *Id.* at 14.

[38] Rec. Doc. 10-2 at 1.

contract law demands that USCIS perform its contracted duty to issue an order on the properly filed Petitions within a reasonable amount of time.[39] Plaintiffs aver that the USCIS is conducting an unlawful "pocket denial" on the Petitions by refusing to approve them, but also refusing to formally deny them.[40] Plaintiffs assert that there is no statute that precludes judicial review of the USCIS's "refusal to issue an order" on the Petitions.[41]

Plaintiffs go on to list various statutory terms and definitions under the APA to assert that Plaintiffs' situation clearly falls within scope of the Court's jurisdiction under the APA.[42] Moreover, Plaintiffs aver that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Immigration and Nationality Act.[43] Therefore, Plaintiffs argue that this Court has jurisdiction over their claims and that the Complaint states a claim to relief that is plausible on its face.[44]

### C.    The USCIS's Arguments in Further Support of the Motion to Dismiss

In reply, the USCIS asserts that the Court lacks jurisdiction over Plaintiffs' "pace of adjudication" claim under either the APA, the Mandamus Act, or the Declaratory Judgment Act "due to the INA's broad 'jurisdiction stripping' provisions which divest district courts of any review over green card and change of status petitions (respectively Forms I-130 and I-485) like those filed by [] Plaintiffs and pending with USCIS."[45] Further, the USCIS points out Plaintiffs

---

[39] *Id.* at 1–2 (citing *Gentry v. Smith*, 487 F.2d 571, at 575-76 (5th. Cir. 1973)).

[40] *Id.* at 3.

[41] *Id.*

[42] *Id.* at 3–6.

[43] *Id.* at 9.

[44] *Id.* at 7–10.

[45] Rec. Doc. 13 at 1–2 (citing *Bian v. Clinton*, 605 F.3d 249, 253 (5th Cir. 2010); *Cheejati*,97 F.4th at 992).

only mention the Declaratory Judgment Act and Mandamus Act once in the Complaint, but not at all in their opposition.[46] Therefore, the USCIS asserts that Plaintiffs have abandoned those claims.[47] Moreover, the USCIS submits that Plaintiffs fail to address the Fifth Circuit precedent in *Bian* or *Cheejati* in their opposition.[48]

The USCIS also contends that Plaintiffs' assertion that an implied contract exists between the two parties is incorrect.[49] The USCIS asserts that other courts have dismissed similar claims of a contract by implication with the federal government based on a statute or regulation.[50] In particular, the USCIS cites *Vargas v. U.S. Dept. of Homeland Security*, where a Texas district court dismissed similar claims holding that the plaintiff must demonstrate that "the Government has waived its sovereign immunity for his purported contract claim."[51] The USCIS submits that this Court should reach the same conclusion.[52]

As to Plaintiffs' claims under the APA, the USCIS asserts that the APA contains self-limiting statutes which allow judicial review of an agency only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take, except to the extent that

---

[46] *Id.* at 1, n. 2.

[47] *Id.* (citing *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

[48] *Id.* at 2.

[49] *Id.*

[50] *Id.* 2–3. (citing *Vargas v. U.S. Dept. of Homeland Security*, No. B:13-21, 2014 WL 12673693 (S.D. Tex. Jan. 7, 2014); *Xilong Zhu v. Dept. of Homeland Security*, No. 2:18-cv-00489-RAJ, 2019 WL 4261167 at *4 (W.D. Wash. Sept. 9, 2019); *Isleem v. Peacock*, CA No. 24-559, 2024 WL 3887511, at *7 n. 7 (E.D. La. Aug. 21, 2024)).

[51] *Id.* at 3 (citing 2014 WL 12673693, at * 12 (citing *F.D.I.C. v. Meyer,* 510 U.S. 471, 474–75 (1994)).

[52] *Id.*

statutes preclude judicial review.[53] The USCIS contends that the INA expressly precludes the review of the Petitions.[54] Therefore, the USCIS argues that this case should be dismissed.[55]

### III. Legal Standard

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[56] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[57] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[58] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[59]

### IV. Analysis

The USCIS argues that the Complaint should be dismissed because this Court does not have jurisdiction over Plaintiffs' claims, or alternatively because Plaintiffs fail to state a claim for which relief can be granted. A motion to dismiss for lack of subject matter jurisdiction must be

---

[53] *Id.* at 4.

[54] *Id.* (citing *Bian*, 605 F.3d at 255).

[55] *Id.* at 5.

[56] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[57] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted).

[58] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[59] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

8

considered before determining the validity of a claim.[60] Therefore, the Court begins with the USCIS's challenge to subject matter jurisdiction.

Plaintiffs assert that this Court has jurisdiction over this dispute under the APA, because the USCIS is allegedly unlawfully withholding agency action, by refusing to issue an order on the Petitions. The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."[61] "[A]gency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*."[62] "The APA provides relief for a failure to act in § 706(1): 'The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed.'"[63] A central point is that the only agency actions that can be compelled under the APA are actions that are legally required.[64] "This limitation appears in § 706(1)'s authorization for courts to 'compel agency action *unlawfully* withheld.'"[65] "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take."[66] Moreover, the APA's self-limiting language states that the statute may apply, "except to the extent that . . . statutes preclude judicial review."[67]

---

[60] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

[61] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61 (2004) (quoting 5 U.S.C. § 702).

[62] *Id.* at 61–62 (quoting 5 U.S.C. § 551(13) (emphasis in original)).

[63] *Id.* at 62.

[64] *Id.* at 63.

[65] *Id.* (emphasis in original). "Of course § 706(1) also authorizes courts to 'compel agency action ... unreasonably delayed'—but a delay cannot be unreasonable with respect to action that is not required." *Id.* at 63, n. 1.

[66] *Id.* at 64.

[67] *Vargas*, 2014 WL 12673693, at *10 (citing 5 U.S.C. § 701(a)(1)).

Turning to such a statute precluding judicial review, "[t]he Immigration and Nationality Act (INA) governs visa allocation for foreign nationals[,]"[68] which is the process that Plaintiffs seek to have the USCIS adjudicate for Diab. In the INA, Congress conferred upon the Attorney General the discretion to adjust the status of an alien to lawful permanent resident.[69] The Attorney General's authority under this provision has been delegated in relevant part to the USCIS.[70] "The INA strips federal courts of jurisdiction to address many challenges brought in the context of immigration proceedings."[71] The relevant section of the INA states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review—*
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the *discretion* of the Attorney General or the Secretary of Homeland Security[.][72]

Subparagraph (D) contains an exception for review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."[73] Subparagraph (D)

---

[68] *Cheejati*, 106 F. 4th at 391.

[69] *Id.*

[70] *See, e.g.*, 6 U.S.C. §§ 271(b)(5), 455(c).

[71] *Cheejati*, 106 F. 4th at 393.

[72] 8 U.S.C. § 1252(a)(2)(B) (emphasis added).

[73] 8 U.S.C. § 1252(a)(2)(D); *see also Mendoza v. Mayorkas*, No. 23-20043, 2023 WL 6518152, at *2 & n.1 (5th Cir. Oct. 5, 2023) (quoting *Easwarankudyil v. Hazuda*, No. 13-4166, 2014 WL 11498059, at *3 (N.D. Tex. May 19, 2014), *aff'd*, 600 Fed. App'x 254 (5th Cir. 2015)) (the district court "is not the proper place to raise a review of constitutional claims or questions of law. Rather, § 1252(a)(2)(D) provides that constitutional claims or questions of law may be reviewed upon a 'petition for review filed with an appropriate court of appeals.'").

has been interpreted as applying only when a petition for review is filed directly in the appropriate court of appeals.[74]

As such, the INA expressly precludes judicial review of the adjustment of status of an alien. Plaintiffs' claims under the APA are solely based upon the USCIS's allegedly unlawful or unreasonable delay in adjudicating the Petitions related to Diab's change in status. Thus, this Court lacks subject matter jurisdiction to review Plaintiffs' claims under the APA, because the INA bars judicial review.

Plaintiff also asserts that this Court has jurisdiction pursuant to the Mandamus Act, the Declaratory Judgment Act, and the Fifth Amendment. However, "[m]andamus is not available to review discretionary acts of agency officials."[75] Therefore, mandamus jurisdiction is not appropriate here, where the INA gives the USCIS discretion in adjustment of status decisions.[76] Further, the Declaratory Judgment Act does not create an independent cause of action.[77] Therefore, the Declaratory Judgment Act does not extend the jurisdiction of the federal courts, and there must be an independent basis for jurisdiction to support its application.[78]

Plaintiffs allege that the USCIS has denied "Plaintiffs' Right to Due Process and Right to Equal Protection of the Laws guaranteed by the Fifth Amendment."[79] The USCIS asserts that "there is no constitutional right to receive a visa for a spouse to remain in the United States."[80]

---

[74] *See Mendoza v. Mayorkas*, No. 23-20043, 2023 WL 6518152, at *2 & n.1 (5th Cir. Oct. 5, 2023).

[75] *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984).

[76] *See Bian*, 605 F.3d at 254 (appeal dismissed and opinion vacated as moot No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010)).

[77] *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 932 (5th Cir. 2023).

[78] *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014).

[79] Rec. Doc. 1 at 2.

[80] Rec. Doc. 9-1 at 13 (citing *Bright*, 919 F.2d at 33).

However, the Court does not reach the merits of Plaintiffs' constitutional claims, because although the INA permits judicial review of "constitutional claims or questions of law[,]" such claims may only be filed "with an appropriate court of appeals."[81] Accordingly, the plain language of the statue makes it clear that district courts have been divested of jurisdiction to hear even constitutional claims regarding adjustment of status applications.[82] Therefore, this Court does not have jurisdiction over Plaintiffs' constitutional claims.

Plaintiffs also contend that the USCIS entered into binding contracts with them for USCIS to adjudicate and issue an order on the Petitions.[83] Plaintiffs aver that the filing fees of $675 for the Form I-130 and $1,440 for the Form I-485, served as consideration to consummate the contracts.[84] The USCIS asserts that such contentions of an implied contract have been rejected by courts before, most recently in *Vargas v. United States Department of Homeland Security*.[85] Plaintiffs do not raise the implied contract theory in the Complaint, instead raising it for the first time in their opposition to the instant motion.[86] A new claim cannot be raised in opposition to a motion to dismiss. However, the Fifth Circuit has held that "[g]enerally, a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave to amend the complaint, and the district court should determine whether leave should be granted."[87]

---

[81] *Vargas v. United States Dept' of Homeland Sec.*, No. B: 13-21, 2014 WL 12673693, at *8 (S.D. Tex. Jan 7, 2014) (citing *Odero v. Holder*, 338 Fed. App'x 432, 433 (2009)).

[82] *Id.*

[83] Rec. Doc. 10-1 at 2.

[84] *Id.* at 3–4.

[85] Rec. Doc. 13 at 2 (citing *Vargas v. United States Dept' of Homeland Sec.*, No. B: 13-21, 2014 WL 12673693 (S.D. Tex. Jan 7, 2014)).

[86] Rec. Doc. 13.

[87] *Pierce v. Hearne Ind. Sch. Dist.*, 600 Fed. App'x. 194, 200 (5th Cir. 2015) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008)).

In *Vargas*, the plaintiffs sought an adjustment of status for plaintiff Mejia Vargas, after his Form I-485 was denied by the USCIS.[88] Among other claims, Vargas asserted that the USCIS "breached an implied contract when they accepted his filing fees and did not properly adjudicate his application."[89] The district court reasoned that while the United States has waived sovereign immunity against contract claims against it through the Tucker Act and Little Tucker Act, this waiver does not extend to contracts "implied in law."[90] Therefore, the district court dismissed the purported contract claim for lack of jurisdiction.[91]

If sovereign immunity has not been waived, the Court lacks subject matter jurisdiction to adjudicate the contract claim.[92] "The Tucker Act confers upon the court jurisdiction to hear and determine, *inter alia*, claims against the United States founded upon any 'express or implied' contract with the United States."[93] Likewise the Little Tucker Act, vests the district courts with jurisdiction over contract claims "not exceeding $10,000 in amount."[94]  However, the Supreme Court has held that "this jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law."[95]

"The distinction between 'implied in fact' and 'implied in law,' and the consequent

---

[88] *Vargas*, 2014 WL 12673693 at *4.

[89] *Id.* at *11.

[90] *Id.* at *12.

[91] *Id.*

[92] *F.D.I.C. v. Meyer*, 510 U.S. 471, 474–75 (1994).

[93] *Hercules, Inc. v. U.S.*, 516 U.S. 417, 423 (1996) (citing 28 U.S.C. § 1491(a)).

[94] *Vargas*, 2014 WL 12673693 at *11.

[95] *Hercules, Inc.*, 516 U.S. at 423.

limitation, is well established."[96]  An agreement implied in fact is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding."[97] By contrast, an agreement implied in law is a "fiction of law" where "a promise is imputed to perform a legal duty[.]"[98] In other words to establish a contract implied in fact Plaintiffs must show that there was a meeting of minds,[99] and "actual authority on the part of the government's representative to bind the government."[100]

Plaintiffs have not shown that there was a meeting of minds as to the allegedly implied contracts for the USCIS to adjudicate the Petitions, nor that the USCIS has the authority to waive the government's sovereign immunity. Rather, Plaintiffs merely assert that a promise for USCIS to adjudicate the Petitions should be imputed from Plaintiffs submission of the Petitions and payment of the requisite filing fees. Therefore, this Court construes Plaintiffs' purported breach of contract claim as a claim under an implied contract in law. Accordingly, Plaintiffs have not demonstrated that the United States waived sovereign immunity on the purported breach of contract claim, and it would be futile to allow Plaintiffs' an opportunity to amend the Complaint to bring such a claim.

As discussed above, this Court lacks subject matter jurisdiction over Plaintiffs' claims. However, as to the core APA claim, even if the INA did not expressly preclude judicial review here, Plaintiffs have offered no authority to suggest that the USCIS is bound to adjudicate the

---

[96] *Id.*

[97] *Id.* at 424 (quoting *Baltimore & Ohio R. Co. v. United States*, 261 U.S. 592, 597 (1923)).

[98] *Id.* (quoting *Baltimore & Ohio R. Co.*, 261 U.S. at 597).

[99] *Russell v. United States*, 182 U.S. 516, 530 (1901).

[100] *Schism v. U.S.*, 316 F.3d 1259, 1278 (Fed. Cir. 2002)

14

Petitions on a particular timeline. In fact, the Fifth Circuit has held that "[a]lthough Congress enacted an aspirational goal of six months, 8 U.S.C. § 1571(b) ('180 days')" to rule on I-485 petitions, "there is no clear mandate here such that we can say the USCIS was *required* to act within" a specific amount of time.[101] Moreover, the USCIS has shown that the median processing time for adjudicating a Form I-130 is approximately 65 months. At the time the Complaint was filed the Petitions had been pending for approximately 14 months. Therefore, the USCIS's handling of the Petitions clearly does not amount to unreasonable delay, when compared to the standard processing time. Thus, even if this Court had jurisdiction over the APA claim Plaintiffs fail to state a claim for which relief can be granted.

## V. Conclusion

For the reasons stated herein, the Court does not have jurisdiction over Plaintiff's claims under the APA, the Mandamus Act, the Declaratory Judgment Act, or the Fifth Amendment. Plaintiffs also have not demonstrated that the United States waived sovereign immunity on the purported breach of contract claim, and it would be futile to allow Plaintiffs' an opportunity to amend the Complaint to bring such a claim. Therefore, this Court lacks subject matter jurisdiction over all of Plaintiffs' claims and dismisses this matter without prejudice.

Accordingly,

---

[101] *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (emphasis in original). The Petitions here have been pending for longer that those in *Li*, but the Court adopts the reasoning in *Li* finding that the USCIS is not required to adjudicate a Form I-485 or Form I-130 within a set timeframe.

**IT IS HEREBY ORDERED** that the USCIS's Motion to Dismiss[102] is **GRANTED.**

Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**NEW ORLEANS, LOUISIANA,** this ___21st___ day of July, 2026.

                    **NANNETTE JOLIVETTE BROWN**
                    **UNITED STATES DISTRICT JUDGE**

---

[102] Rec. Doc. 9.